CLEMMONS *v.* MISSOURI STATE LIFE INSURANCE COMPANY.

Opinion delivered July 12, 1926.

USURY—WHEN LOAN NOT USURIOUS.—Where a borrower contracted for a loan of $100,000 at 6 per cent. for seven years, receipt of $90,000, instead of $100,000, did not make the loan usurious, since the amount which the borrower would have had to pay on $90,000 at 10 per cent. would have exceeded the amount payable on the above contract by $11,000.

Appeal from Jefferson Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*Wooldridge & Wooldridge, Pace & Davis* and *J. C. Marshall,* for appellant.

*W. D. Jones,* for appellee.

SMITH, J. This suit was brought by appellees to foreclose a deed of trust on lands belonging to appellants, who answered and admitted the execution of the instrument sought to be foreclosed, but they alleged the same was void for usury, and, by way of cross-complaint, prayed the cancellation of the deed of trust sought to be foreclosed. The court below found the fact to be that there was no usury in the transaction, and dismissed the cross-complaint and ordered the foreclosure of the deeds of trust, and this appeal is from that decree.

Appellees made appellants a loan through the intervention of a local brokerage concern engaged in negotiating farm mortgages, known as the American Farm Mortgage Company, and hereinafter referred to as the mortgage company, and the principal question of fact in the case is, whose agent was the mortgage company? The original deed of trust taken recited a loan of $100,-000, and it is an admitted fact that only $10,000 was deducted at that time, and there is much testimony as to the purpose for which this deduction was made, it being the insistence of appellants that it was a brokerage fee, which was divided equally between the mortgage company and appellee insurance company. It is the insistence of the appellees that an application was made to it for a loan of $100,000 to appellants, but the application was declined because the rate of interest proposed was only 6 per cent., whereas, at the time the loan was made, appellee was making no farm loans at a less rate than 7 per cent., and the mortgage company, being advised of this fact, proposed to appropriate $5,000 of its commission to appellees, which should be treated as the equivalent of a loan at 7 per cent., and that proposition was accepted, and the remaining $5,000 which was not paid to appellants out of the proceeds of the loan were reserved by the mortgage company as a brokerage fee for its services in negotiating the loan.

We find it unnecessary to determine the issue of fact concerning the $10,000 not paid to appellants, for its deduction did not render the loan usurious, as appears from calculations in the brief of appellees.

The original loan, as evidenced by the deed of trust securing it, was for a period of seven years, at 6 per cent. interest, and if the contract covering this loan had been carried out in accordance with its terms the result would have been as follows:

Appellants contracted to pay:

Principal ............................................. $100,000

7 years at 6% ................................... 42,000

Total ........................................... $142,000

But if the appellees be charged with the whole $10,000 which appellants did not receive, it is undisputed fact that they did receive ................... $ 90,000.00 and interest on that sum for 7 years at 10 per cent would be ............................................. 63,000.00

Total ........................ $153,000.00

It therefore appears that appellants contracted to pay a sum $11,000 less than the amount they admit receiving, with interest calculated at 10 per cent., so that there could have been no usury in the original loan.

This calculation takes no account of a $1,000 item which will be discussed in connection with the calculation to determine whether or not the second loan was usurious. In other words, the first loan is not usurious even though that item is not taken into account.

The proceeds of the loan were disbursed by the mortgage company, a large part of it being used in discharging outstanding liens and incumbrances against the lands mortgaged to appellees, but it is conceded that appellants received from this loan at the time it was made $90,000.

The original loan was made April 1, 1920, and in the fall of that year it became necessary for appellants to borrow more money. Their live stock and farming

implements had been mortgaged to a local bank, and this mortgage had been foreclosed, and appellants advised appellee that they would be unable to cultivate the land unless an additional loan were made with which to purchase stock and tools and feed and to pay certain other expenses. Application was made for an additional loan of $30,000, but appellee declined to make an additional loan for that amount. However, an additional loan of $15,000 was made, and the original deed of trust and the note it secured were canceled and a new deed of trust was given to secure both the original and the new loan. The new loan was made at 8 per cent., and the date of final maturity was made the same as that of the original loan.

The second deed of trust was dated December 1, 1920, and recited the execution of two notes signed by appellants and payable to the order of appellees, one being for $100,000 payable 4-1-1927, and the second for $15,000, due 12-1-1921.

It appears that, after the consummation of the original loan, appellee paid appellants by check $1,000, and took from appellants a note for that amount, payable one year after date, without interest until after maturity. The explanation of this transaction offered by the managing officer of appellee was that they did not want it to appear that more than 10 per cent. interest had been charged in any one year, although the interest for the entire period of the loan would have been less than 10 per cent. per annum.

It is an undisputed fact that appellants received this $1,000, and that they executed their note for the $1,000, but this note was not paid, because, before its maturity, the new loan was negotiated. The proceeds of the new loan were also disbursed by the mortgage company. This additional loan was used in purchasing mules, feed, seed, paying taxes, insurance, and for other purposes, and checks were introduced—and not questioned—which showed the disbursement of this money. It was out of this $15,000 that the interest on the old loan to the date of the new loan was paid.

Interest was calculated on the original loan of the $100,000 from its date to the date of the new loan, and this interest, with the disbursement made by the mortgage company, totaled $15,047.63, exclusive of the $1,000 returned to appellants by appellees. Appellants say this $1,000 should not be taken into account, because it was not a part of the original loan, being nothing more than a private loan of $1,000 for a year, and not a part of the secured loan, and that the loan of this $1,000 ran only for one year.

If appellants were not correct in their contention as to the account to be taken of this $1,000, the transaction was not usurious, even though they are correct in all the other contentions made by them.

We do not decide these contentions, among which are these: That the mortgage company was the agent of appellee, and not the agent of appellants. And that the loan was an Arkansas, and not a Missouri, contract, although it was payable in the latter State.

The following calculations show what the result of the second loan would have been if it had been fully carried out, charging appellee with the $10,000 alleged brokerage fee and crediting it with the $1,000:

| | |
|---|---|
| Principal note | $100,000.00 |
| Interest on this note 6 1/3 years at 8% | 50,666.66 |
| Principal note | 15,000.00 |
| Interest on this note 1 year at 8 per cent | 1,200.00 |
| | $166,866.66 |

Amount borrowers would pay on money actually received at 10 per cent:

| | | |
|---|---|---|
| Principal advanced 4-1-1920 | | 91,000.00 |
| Interest at 10 per cent. for 7 years | | 63,700.00 |
| Principal advanced 12-1-1920 | $15,000.00 | |
| Less interest on original loan to date of new loan | 3,665.16 | |
| | $11,334.84 | 11,334.84 |
| Interest on net proceeds new loan 1 year at 10 per cent | | 1,133.48 |
| | | $167,168.32 |

It appears therefore that the sum which appellants would have been required to pay, had the contract been fully completed, was $301.66 less than would have been paid had the interest on all money received by appellants, including the $1,000, been calculated at 10 per cent. The inclusion or exclusion of the $1,000 as a part of the loan therefore becomes decisive of the case when considered only on the facts in issue.

We perceive no reason why the $1,000 should not be included in the calculation. It is undisputed that appellants received it, and did not repay it. It was not a gift, and cannot be considered as a transaction apart from the original loan and the enlargement thereof.

We have assumed, in the calculations made, that the insurance company wrongfully reserved $10,000 and paid appellants only $90,000, when they should have received $100,000; but, even so, the $1,000 was received, so that it is obvious that appellants received, not $90,000, as they insist, but $91,000, when this $1,000 is included in the calculation, as we think it should be.

The $1,000 could have been deducted from the $15,000 additional loan, as it might have been, or credited on the sum charged as broker's fee, but it is a mere matter of accounting to treat it as a part of the original loan, making that loan $91,000, as we have done in the above calculations, and we think it should be so treated, because it was received at the same time, or very shortly after, the $90,000 was received. In other words, it is an undisputed fact that appellants received, not $90,000, but $91,000, when the original loan was consummated. If this $1,000 is taken into the account and figured as a part of the original principal debt, as we think it should be, there was no usury in the transaction, and the court below was correct in so holding, and the decree of the court below is therefore affirmed.